UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Jeff Stark and Nick Nowak as Trustees of the District Council No. 82 Health Care Fund, Jeff Stark and Bill Sullivan as Trustees of the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, Jeff Stark and Michael Horovitz as Trustees of the Finishing Trades Institute of the Upper Midwest Trust Fund, Daniel Williams as a fiduciary of the Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership, the District Council No. 82 Health Care Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Finishing Trades Institute of the Upper Midwest Trust Fund the Finishing Trades Institute, the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership, and any successors,

       Plaintiffs,
vs.

K&C Specialties Corp., and James Isaac Spinks, individually,

       Defendants.
_____

Civil File No.: _____

**COMPLAINT**

Plaintiffs, for their Complaint against the Defendants, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1. Plaintiffs are Trustees and Fiduciaries of the District Council No. 82 Health Care Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Finishing Trades Institute of the Upper Midwest Trust Fund, the Finishing Trades Institute,

and the Painters and Allied Trades Labor Management Cooperation Initiative a/k/a the Labor Management Partnership ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4. Defendant James Isaac Spinks is an individual who performs business under the name K&C Specialties Corp. with an address of 1185 Abigail Lane, Bozeman, Montana, MT 59718-5149. Upon information and belief, Defendant James Isaac Spinks. is an owner and officer of Defendant K&C Specialties Corp. Defendant James Isaac Spinks is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. Defendant K&C Specialties Corp. was a Montana business corporation that was involuntarily dissolved by the Montana Secretary of State in April 2022. Defendant K&C Specialties Corp. had a registered address of 1185 Abigail Lane, Bozeman, Montana, MT 59718-5149. Defendant K&C Specialties Corp. is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6. As a result of the dissolution of Defendant K&C Specialties Corp., Defendant James Isaac Spinks lost the personal liability shield afforded to its shareholders. Accordingly, Defendant James Isaac Spinks is personally liable for the debts of Defendant K&C Specialties Corp., including those set forth herein.

7. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

8. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

1. The Funds re-allege and incorporate by reference paragraphs 1-8 herein.

2. On January 25, 2022, Defendants became bound to the terms of a collective bargaining agreement negotiated with the International Union of Painters and Allied Trades with a term of January 1, 2022 to December 1, 2025 ("CBA"). The terms of the CBA are incorporated herein by reference.

3. The CBA provides that Defendants are bound to the Trust Agreements for the Funds.

4. The CBA and Trust Agreements require Defendants to submit contributions to the Funds on a monthly basis in an amount set forth in the CBA for each hour worked by their employees covered by the CBA.

5. The CBA provides that contributions must be paid to the Funds on behalf of owner operators.

6. The CBA and Trust Agreements state that an employer shall be considered delinquent for a particular month if the required payment is not received on or before the 15th day of the in which they are due.

7. The CBA and Trust Agreements state that the Board of Trustees for the Funds shall have the right at any reasonable time to have a representative check the payroll, Social Security, withholding, unemployment, and Workers' Compensation records, 1099s, and 941s and any other record necessary to determine whether an employer is in compliance with the terms and provisions of the CBA.

8. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Defendants to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

9. If Defendants fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Defendants are liable for all of the hours worked by that individual for whom they are unable to produce satisfactory records verifying the type of work being performed by that individual.

10. Pursuant to the CBA, Defendants agreed that they would not subcontract any work covered by the CBA to any subcontractor that is not bound to the CBA or bound to a CBA with a Union affiliated with the International Union of Painters and Allied Trades. In this regard, the CBA provides that if the subcontracting provision of the CBA is breached, Defendants are liable to the Funds for monetary damages in an amount representing the difference between the wages and fringes provided for in the CBA and those actually paid by the subcontractor.

11. The CBA and Trust Agreements state that if an employer becomes delinquent, they shall be required to pay a penalty in the form of liquidated damages and interest on any delinquent contributions.

12. The Trust Agreements state that if an employer becomes delinquent, they shall be required to pay interest on any delinquent contributions.

13. The CBA and Trust Agreements state that delinquent employers are required to pay all reasonable costs of collection including attorneys' fees and audit fees.

## COUNT I
## BREACH OF CONTRACT/RIGHT TO AUDIT

14. The Funds re-allege and incorporate by reference paragraphs 1-13 herein.

15. The Funds' authorized agent requested that Defendants produce a complete set of payroll and employment records as specified in CBA and Trust Agreements for the period of May 2022 through the present.

16. Defendants breached the terms of the CBAs and Trust Agreements by failing and refusing to produce the requested payroll and employment records for the period May 2022 through the present.

17. Upon information and belief, Defendants employed individuals during the period May 2022 through the present on whose behalf contributions are due and owing and has continued to do so through the present.

18. Unless Defendants are ordered to specifically perform the obligation to produce the records and permit the audit and is enjoined from further obstruction of such procedure, the Funds will have no means of verifying the proper amounts due and owing to them, nor will the Funds have adequate means of ascertaining the proper allocation of

such contributions to Defendant's employees pursuant to ERISA, the CBAs, and the Trust Agreements.

19. In the absence of this court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

20. Defendants should be enjoined from further refusal and failure to allow the Funds' authorized agent access to its relevant records pursuant to the CBAs and ERISA.

21. Defendants are liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by all of Defendant's employees for whom Defendants are unable to produce satisfactory records verifying the type of work performed by any such individuals.

22. Pursuant to the CBAs and Trust Agreements, Defendants are liable to the Funds for all cost of collection including attorney fees and audit fees.

23. Pursuant to the CBAs and Trust Agreements, Defendants are liable to the Funds for a penalty or liquidated damages as a result of failing to timely submit their contributions.

24. Pursuant to the Trust Agreements, Defendants are liable to the Funds for interest charges on the unpaid contributions due and owing during the period of May 2022 through the present.

## COUNT II
## ERISA DAMAGES

25. The Funds re-allege and incorporate by reference paragraphs 1-24 herein.

26. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

27. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

28. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Defendants joint and severable as follows:

1. For an Order adjudging that the Defendants are required to forthwith produce for inspection and audit for the period of May 2022 through the present any and all records reasonably deemed necessary to the performance of such audit by the Plaintiffs' authorized agent.

2. For an Order adjudging that the Defendants are enjoined from further failure or refusal to produce such records and to permit such inspection, and from further obstruction of Plaintiffs' auditing procedures during the term of the CBAs.

3. For judgment against the Defendants for all unpaid benefit contributions discovered to be due pursuant to the audit of the period of May 2022 through the present plus all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

4. For an award of costs, disbursements and attorney fees according to law.

5. For such other and future relief as the Court deems just, equitable or proper.

Dated: May 15, 2024         **SHUMAKER LOOP & KENDRICK, LLP**

By   s/Amy L. Court
    Amy L. Court (# 319004)
    Christy E. Lawrie (#388832)
    8400 Normandale Lake Boulevard
    Suite 920
    Bloomington, MN 55437
    Telephone: (612) 605-9123
    acourt@shumaker.com
    clawrie@shumaker.com

*Attorneys for the Plaintiffs*