UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeff Stark and Nick Nowak as Trustees of the District Council No. 82 Health Care Fund, et al,<br><br>Plaintiffs,<br><br>vs.<br><br>K&C Specialties Corp., and James Isaac Spinks, individually,<br><br>Defendants. | Case No.: 24-CV-1762 (JWB/TNL)<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ENTRY OF DEFAULT JUDGMENT AND INJUNCTION** |

## SYNOPSIS

The Defendants are in default and the Plaintiffs seek entry of a default judgment and injunction pursuant to a collective bargaining agreement and ERISA (1) compelling the Defendants to all its payroll and employment records for the period of May 1, 2022 through the present and (2) providing that the Plaintiffs may move for entry of a money judgment at a later date for all amounts due for delinquent contributions, liquidated damages, interest, and attorneys' fees and costs.

## STATEMENT OF FACTS

The Plaintiffs are Trustees and Fiduciaries of the District Council No. 82 Health Care Fund, the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, the Finishing Trades Institute of the Upper Midwest Trust Fund, the

1

31146483v1

Finishing Trades Institute, and the Painters and Allied Trades Labor Management Cooperation Initiative ("Funds"). Complaint at ¶ 1 (Court Docket No. 1). The Funds are a multi-employer jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). *Id.* at ¶ 2. The Funds are administered in accordance with the provisions of the ERISA and are exempt from federal income taxation pursuant to the Internal Revenue Code. *Id.*

The Defendant K&C Specialties Corp. ("K&C Specialties") accepted and agreed to be bound to the terms of a collective bargaining agreement negotiated with the International Union of Painters and Allied Trades covering the period of January 1, 2022 through December 1, 2025 ("CBA"). Declaration of Bekah Schoch ("Schoch Decl.") at ¶ 2, Exs. A-B. Following execution of the CBA, K&C Specialties was administratively dissolved by the Montana Secretary of State. *Id.* at ¶ 3, Ex. C. However, Defendant James Isaac Spinks ("Spinks") continued to conduct business under the name K&C Specialties Cor. *Id.* at ¶ 4.

The CBA requires K&C Specialties and Spinks to submit contributions to the Funds in an amount per hour specified in the CBA for each hour worked by its employees covered by the CBA, including its owner operators. *Id.* at ¶ 5, Ex. A, Art. 25-26, Addendum. The CBA states that K&C Specialties and Spinks shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month. *Id.* at ¶ 6, Ex. A, Art. 25-26, Addendum. The CBA and referenced Trust Agreement requires that

2

K&C Specialties and Spinks promptly furnish to the Trustees its payroll and employment records, including: forms W2s and W3s, federal quarterly 941 forms, federal forms 1099s and 1096s, Minnesota Unemployment Quarterly Reports (MUTAs or MN UCs) or other such similar stated required quarterly reports, time cards, payroll and check registers, and any other relevant information that may be required. *Id.* at ¶ 7, Ex. A, Art. 26, Sec. 10.

The Funds' auditor requested that K&C Specialties and Spinks produce its payroll and employment records for the period of May 1, 2022 through the present ("Audit Period"). *Id.* at ¶ 8, Ex. A, Art. 26. K&C Specialties and Spinks breached the terms of the CBA by failing and refusing to submit all requested payroll and employment records to permit the completion of the requested audit. *Id.* at ¶ 9, Ex. A, Art. 26. Upon reasonable belief, K&C Specialties and Spinks employed individuals during the Audit Period on whose behalf contributions are due and owing, and continues to do so. *Id.* at ¶ 10, Ex. A, Art. 26. Without a complete set of payroll and employment records, the Funds will not have an adequate means of determining the amounts due and owing to the Funds. *Id.* at ¶ 11.

The CBA provides that if K&C Specialties and Spinks become delinquent, it shall be required to pay as liquidated damages and interest. *Id.* at ¶ 13, Ex. A, Art. 26. Liquidated damages due and owing cannot be determined until the relevant remittance reports are submitted by K&C Specialties and Spinks.

3

The CBA also states that if K&C Specialties and Spinks becomes delinquent, K&C Specialties and Spinks shall be required to pay all reasonable attorneys' fees and court costs incurred by the Funds. *Id.* at ¶ 14.

The Complaint was filed with the Court on May 15, 2024. (Court Docket No. 1). The Summons and Complaint were served on K&C Specialties and Spinks on June 3, 2024. (Court Docket Nos. 5-6). The time allowed by law and specified in the Summons for K&C Specialties and Spinks to answer the Complaint lapsed with K&C Specialties and Spinks failing to file an Answer with the Clerk of Court or serve an appropriate Answer upon the Funds' counsel. The Funds applied for Entry of Default, which was granted by the Clerk on June 27, 2024. (Court Docket Nos. 7, 10). This Motion follows.

## ARGUMENT

**I.   K&C SPECIALTIES AND SPINKS LIABLITY TO THE FUNDS IS ESTABLISHED BY THE ENTRY OF DEFAULT ON JUNE 27, 2024.**

Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. Because K&C Specialties and Spinks failed to answer the Complaint, after being properly served with the same, and the Clerk of Court entered default against K&C Specialties and Spinks on June 27, 2024, pursuant

4

31146483v1

to Rule 55(a) of the Federal Rules of Civil Procedure, its liability to the Funds for violations of Section 515 is established. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover."). Accordingly, the only remaining issue for the Court is the amount of the Funds' damages. *Id.*; *see also Flynn v. Williams Masonry*, 233 F.R.D. 176, 177 (D.D.C. 2005) (finding damages where court had entered default in an ERISA case and holding that "[t]he only issue before the Court . . . is the amount of damages owed by the defendants to the plaintiffs.").

## II.  THE FUNDS ARE ENTITLED TO AN INJUNCTION COMPELLING K&C SPECIALTIES AND SPINKS TO PRODUCE THE REQUIRED PAYROLL AND EMPLOYMENT RECORDS.

### A.  The Funds' Request is Authorized by ERISA.

Section 515 of ERISA, 29 U.S.C. § 1145, requires K&C Specialties and Spinks to make contributions to the Funds in accordance with the terms and conditions of the CBA. In the instant case, the CBA requires K&C Specialties and Spinks to promptly furnish all required payroll and employment records upon audit demand. *Id.* at ¶ 7. K&C Specialties and Spinks breached the terms of the CBA by failing and refusing to produce the requested payroll and employment records for the period of May 2022 through the present. *Id.* at ¶¶ 8-9. Because of K&C Specialties and Spinks violation of section 515 of ERISA, the Funds' request for the outstanding remittance reports is appropriate and authorized by ERISA.

**B.     ERISA Provides for Equitable Relief in the Form of an Injunction.**

ERISA § 502(g)(2)(E) provides that in addition to delinquent contributions, a court *shall* award "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2)(E) (emphasis added). An injunction directing K&C Specialties and Spinks to submit its required remittance reports for period of May 2022 through the pendency of this litigation, is a type of appropriate equitable relief permitted by ERISA. *See Nat'l Shopmen Pension Fund v. Burtman Iron Works, Inc.*, 148 F. Supp. 2d 60, 67 (D.D.C. Cir. 2001) (ERISA specifically provides for equitable remedies when there are non-payments of required contributions such as enjoining employers from failing to submit required contributions and remittance reports in accordance with the collective bargaining agreement).

In the instant case, an injunction is appropriate because the Funds lack an adequate remedy at law and is subject to irreparable harm if the payroll and employment records and all delinquent contributions due and owing from K&C Specialties and Spinks are not remitted. If the Funds' request is not granted, the Funds will be forced to forego the investment income from all contributions K&C Specialties and Spinks fail to make during this period. Moreover, the Funds will suffer real losses as the Funds have a continuing obligation to provide benefits to K&C Specialties' and Spinks' employees and their dependents, regardless of whether the Funds receive the corresponding contributions from K&C Specialties and Spinks. *See Central States, Se. & Sw. Areas Pension Fund v. Admiral Merchants Motor Freight, Inc.*, 511 F. Supp. 38, 42 (D. Minn. 1980), *aff'd*, *Central*

6

*States, Se. & Sw. Areas Pension Fund v. Jack Cole-Dixie Highway Co.*, 642 F.2d 1122 (8th Cir. 1981).

In addition to the irreparable harm that the Funds will certainly suffer absent a court-ordered injunction, K&C Specialties and Spinks will suffer no harm if the Court grants the injunction. By granting the injunction, K&C Specialties and Spinks is not being ordered to do anything more than they have agreed to do by virtue of the CBA, as it is construed to incorporate ERISA legislation. Finally, the Funds should not be ordered to provide any security for the injunction. Fed. R. Civ. P. 65(c). In the instant case, the Clerk has already entered default in favor of the Funds; the injunction simply seeks to secure the information necessary to adequately state damages. For the foregoing reasons, the Funds are entitled to an injunction ordering Jacon to produce its required remittance reports within ten days of this Court's Order.

**III.  THE FUNDS ARE ENTITLED TO THE DELINQUENT CONTRIBUTIONS TOGETHER WITH AN AWARD OF LIQUIDATED DAMAGES, INTEREST, AND ATTORNEYS' FEES AND COSTS.**

Section 502(g)(2) of ERISA states:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce § 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-

> (A)  the unpaid contributions,
>
> (B)  interest on the unpaid contributions,
>
> (C)  an amount equal to the greater of-
>
>> (i)  interest on the unpaid contributions, or

      (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

  (D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

  (E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

29 U.S.C. § 1132(g)(2).

The plain language of the Section 502(g)(2) makes it clear that once liability under Section 515 is established, on proper proof, the Court is required to award Plaintiffs damages for: (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) an amount equal to the interest on the unpaid contributions or liquidated damages provided under the Plan, and (4) reasonable attorneys' fees and the costs of the action.  29 U.S.C. § 1132(g)(2); *see also United Retail & Wholesale Emps. Teamsters Union Local No. 115 Pension Plan v. Yahn*, 787 F.2d 128, 134 (3d Cir. 1986) ("The language of [§ 1132(g)(2)] is mandatory."), *aff'd, Pension Benefit Guar. Corp. v. United Retail & Wholesale Emps. Teamsters Union Local No. 115 Pension Plan*, 481 U.S. 735 (1987); *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Marine Drywall Co.*, 239 F. Supp. 2d 26, 31 (D.D.C. 2002) ("When a court awards a default judgment against a defendant for

contributions owed under a collective bargaining agreement, ERISA provides that the court must award: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; and (4) reasonable attorney's fees and costs of the action."). "The legislative history of these provisions explains that Congress added these strict remedies to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts." *Laborers Health & Welfare Trust Fund for N. Cal. v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 548 (1988).

Rule 55(b) of the Federal Rules of Civil Procedure state that, if, after taking all allegations in the Complaint as true, the total amount of damages is not liquidated, the Court shall hold a hearing on the amount of damages. Fed. R. Civ. P. 55(b); *see also Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001). On default, the Court may establish damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944). In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the Court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters*, 239 F. Supp. 2d at 30, citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (findings on the amount of damages cannot be based on

9

averments alone but may be founded on sworn affidavits). Finally, the Court must also afford the Funds all reasonable inferences from the evidence offered. *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Int'l Painters*, 239 F. Supp. 2d at 30.

Once the payroll and employment records for the Audit Period are submitted and reviewed, the Funds will submit sworn testimony setting forth the amount due for all delinquent contributions, liquidated damages, interest and the nature, extent, and reasonableness of the attorneys' fees and costs incurred by the Funds in this action. This sworn testimony and documentary evidence will be sufficient for the Court to award damages to the Funds consistent with ERISA.

## CONCLUSION

Given the facts and related law in this action, the Funds respectfully requests that their Motion for Entry of Default Judgment and Injunction be granted in its entirety.

Dated: August 20, 2024	SHUMAKER LOOP & KENDRICK, LLP

By  s/ Christy E. Lawrie
Amy L. Court (Atty. No. 319004)
Christy E. Lawrie (Atty. No. 388832)
8400 Normandale Lake Blvd., Suite 920
Bloomington, MN 55437
*Attorneys for Plaintiffs*