# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jeff Stark *as Trustee of the District Council No. 82 Health Care Fund, and any successors*; Nick Nowak *as Trustee of the District Council No. 82 Health Care Fund, and any successors*; Jeff Stark *as Trustee of the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, and any successors*; Bill Sullivan *as Trustee of the Painters and Allied Trades DC 82 Defined Contribution Pension Plan, and any successors*; Jeff Stark *as Trustee of the Finishing Trades Institute of the Upper Midwest Trust Fund, and any successors*; Michael Horovitz *as Trustee of the Finishing Trades Institute of the Upper Midwest Trust Fund, and any successors*; Daniel Williams *as a fiduciary of the Finishing Trades Institute, and any successors*; the Painters and Allied Trades Labor Management Cooperation Initiative *and any successors, also known as the* Labor Management Partnership; the District Council No. 82 Health Care Fund *and any successors*; the Finishing Trades Institute of the Upper Midwest Trust Fund *and any successors*; the Finishing Trades Institute *and any successors*; and the Painters and Allied Trades Labor Management Cooperation Initiative *and any successors, also known as* the Labor Management Partnership,

Civ. No. 24-1762 (JWB/DJF)

**CIVIL CONTEMPT ORDER**

Plaintiffs,

v.

K&C Specialties Corp., and James Isaac Spinks *individually*,

Defendants.

Amy L. Court, Esq., and Christy E. Lawrie, Esq., Shumaker, Loop & Kendrick LLP, on behalf of Plaintiffs.



Plaintiffs moved for an order to show cause regarding Defendants' ongoing failure to comply with this Court's January 27, 2025 Default Judgment and Injunction Order ("Default Judgment Order"). (Doc. No. 21.) Defendant James Isaac Spinks, individually and as owner of Defendant K&C Specialties Corp. was ordered to appear on September 2, 2025 to explain why he should not be held in civil contempt. Neither Defendants nor their counsel made an appearance.

Upon review of the record, the Court finds that Defendants have failed to comply with Default Judgment Order requiring them to produce payroll and employment records for the period of May 2022 through the present. Plaintiffs have demonstrated by clear and convincing evidence that Defendants are in violation of the Court's order. Defendants have not carried their burden to show an inability to comply. Civil contempt sanctions are therefore appropriate. *See Chicago Truck Drivers v. Bhd. Labor Leasing*, 207 F.3d 500, 505–07 (8th Cir. 2000).

## ORDER

Based on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. <u>Finding of Civil Contempt</u>. Defendants K&C Specialties Corp. and James Isaac Spinks are held in civil contempt for failing to comply with the Default Judgment Order (Doc. No. 21);

2. <u>Immediate Fine</u>. A fine of $2,500 is imposed against Defendants, payable to the Clerk of Court, U.S. Court for the District of Minnesota, within fourteen (14) days of

service of this Order, unless Defendants produce all records as required in the Default Judgment Order on or before that date;

3.  Escalating Fine. If Defendants fail to comply within thirty (30) days of service of this Order, an additional fine of $2,500, payable to the Clerk of Court, U.S. Court for the District of Minnesota, shall be imposed. Plaintiffs may file a declaration of noncompliance, and the Court will enter judgment on the additional fine without further hearing;

4.  Attorneys' Fees and Costs. Plaintiffs are awarded their reasonable attorneys' fees and costs incurred in connection with the contempt proceedings. Plaintiffs shall submit fee documentation within seven (7) days of this Order;

5.  Notice of Custody Sanctions. Defendants are advised that continued failure to comply with the Court's orders may result in issuance of a bench warrant for the arrest of Defendant James Isaac Spinks until such time as Defendants purge their contempt by producing all required records; and

6.  Service. Plaintiffs shall serve this Order on Defendants by personal service and file proof of service with the Court.

**SO ORDERED.**

Date: September 9, 2025

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge